UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELBERT L. KNIGHT, JR.,

    Plaintiff,

v.                                                Case No. 18-11589
                                                Honorable Victoria A. Roberts

COUNTY OF OAKLAND, et al.,

    Defendants.
_____/

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND *SUA SPONTE* DISMISSING THE COMPLAINT

On May 21, 2018, Plaintiff Elbert L. Knight, Jr. filed a *pro se* complaint against the County of Oakland, Michigan and Assistant Attorney General James Farrell [Doc. 1], along with an application to proceed *in forma pauperis* [Doc. 2].

Plaintiff's application to proceed *in forma pauperis* [Doc. 2] is **GRANTED**. However, the Court **DISMISSES** Plaintiff's complaint for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

When a plaintiff proceeds *in forma pauperis*, the Court has an obligation to screen and dismiss the complaint if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Although this standard "does not require 'detailed factual allegations,'

. . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

The Court construes a *pro se* plaintiff's complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, that "leniency . . . is not boundless," and "basic pleading standards" still must be satisfied. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). "[T]he Court is not required to create a [*pro se*] plaintiff's claim for him." *Lee v. Paul LNU*, No. 17-12231, 2017 WL 3143754, at *1 (E.D. Mich. July 25, 2017).

Plaintiff summarily alleges that Defendants interfered with, and continue to interfere with, his "right to property" and his "rights to life, liberty and the pursuit of happiness." Plaintiff requests compensation for the interference with his property and demands the return of his property. Although Plaintiff does not plead additional, detailed factual allegations, it appears from legal authorities he quotes and a "Billing Statement" from the Oakland County Sheriff's Office he attaches to the complaint, that the "property" Plaintiff alludes to is money he paid for child support obligations and/or money he paid in response to the Billing Statement, which related to a period of incarceration in Oakland County Jail.

Construing the complaint liberally, Plaintiff fails to satisfy the basic pleading requirements set forth in *Twombly* and *Iqbal*. Rather than providing Defendants fair notice of his claim and the grounds upon which it rests, the complaint consists merely of "naked assertions" and "unadorned, the-defendant-unlawfully-harmed-me

2

accusation[s]," which are insufficient to state a plausible claim or to satisfy the pleading standard under Rule 8. See *Iqbal*, 556 U.S. at 678. Plaintiff does not elaborate any basis for his claim that Defendants interfered with or deprived him of his rights; among other things, his conclusory allegations fail to indicate what specific conduct violated his rights, and how and/or why that conduct violated his rights.

Plaintiff's complaint fails to state a claim upon which relief may be granted.

Accordingly, the Court **DISMISSES** Plaintiff's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Moreover, the Court **CERTIFIES** that any appeal of this order would be frivolous and would not be taken in good faith; thus, Plaintiff is **DENIED** leave to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

**IT IS ORDERED**.

<u>S/Victoria A. Roberts</u>
Victoria A. Roberts
United States District Judge

Dated: May 25, 2018

The undersigned certifies that a copy of this document was served on the attorneys of record and Elbert Knight by electronic means or U.S. Mail on May 25, 2018.

s/Linda Vertriest
Deputy Clerk